**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3681-24

FRANCIS J. MCGOVERN, JR.,

     Plaintiff-Appellant,

v.

TOWNSHIP OF LOWER,
TOWNSHIP OF LOWER
ZONING BOARD OF
ADJUSTMENT, ACHRISTAVEST
PIER 6600, LLC, EUSTACE MITA,
AND ACHRISTAVEST
DIAMOND BEACH, LLC,

     Defendants-Respondents.

_____

        Argued May 19, 2026 – Decided August 10, 2026

        Before Judges Sumners and Chase.

        On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0015-21.

        Paul J. Maselli argued the cause for appellant (Maselli Mills & Fornal, PC, attorneys; Paul J. Maselli, of counsel; Paul J. Maselli and Liza Sherman, on the briefs).

Robert T. Belasco (The Belasco Law Firm, LLC) argued the cause for respondent Township of Lower.

Anthony J. Harvatt, II argued the cause for respondent Township of Lower Zoning Board of Adjustment.

Frank L. Corrado argued the cause for respondents Achristavest Pier 6600, LLC, Achristavest Diamond Beach, LLC and Eustace Mita. (Barry Corrado & Grassi, PC, attorneys; Frank L. Corrado, on the brief).

PER CURIAM

Plaintiff Francis J. McGovern, Jr. appeals the Law Division's June 11, 2025 order denying his post-judgment relief motion seeking attorney's fees under Rule 4:42-9(a)(2)'s "fund in court" exception. We agree with the trial court's denial but affirm for different reasons.

I.

On February 19, 2021, McGovern, owner of 228 East Rochester Avenue Diamond Beach, sued defendants, Township of Lower (Township), Township of Lower Zoning Board of Adjustment (Zoning Board), and Achristavest Pier 6600, LLC and Eustace Mita (collectively, Achristavest), to vacate the Township's 2016 public auction sale of Diamond Beach Park (property) for $350,000 to Achristavest. Achristavest planned to develop the property, which was across the street from McGovern's home, into a hotel parking lot. McGovern contended the sale violated state statute and the state constitution in

negotiating favorable pre-auction terms to Achristavest to guarantee it would be the successful bidder. McGovern also alleged, among other things, that the Township published incorrect information and omitted material information in its auction notice.

Following a three-day bench trial in early May 2023, the parties submitted proposed findings of fact and law and written closing statements at the court's request.[1] On January 10, 2024, the trial court issued a judgment order, accompanied by a memorandum of decision, entering judgment in favor of McGovern that the Township's notice of sale violated N.J.S.A. 40A:12-13, of the Local Lands and Buildings Law, N.J.S.A. 40A:12-1 to -38. The court rejected McGovern's constitutional argument[2] as well as his request for attorney's fees. Citing Innes v. Marzano-Lesnevich, the court noted the American Rule requires litigants bear the cost of their own attorney's fees. 224 N.J. 584, 592 (2016). The court further found McGovern was not entitled to an award of "attorney's fees out of a fund in court," pursuant to Rule 4:42-9(a)(2).

---

[1] We do not discuss the extensive pretrial proceedings because it is not relevant to resolve this appeal.

[2] McGovern alleged the Township's sale of property constituted an illegal gift under the Article VIII of the New Jersey Constitution.

Two days later, on January 12, 2024, the court issued a supplemental order entering judgment in favor of McGovern on count three of his second amended complaint (Violation of N.J.S.A. 40A:12-13), voiding the Township's sale of property to defendants, ordering the Township to refund $350,000 to Achristavest, and dismissing count four of the complaint (Illegal Gift) and McGovern's request for attorney's fees with prejudice. The court also ordered a management conference to resolve counts one (Arbitrary, Capricious, and Unreasonable Conduct) and two (Violation of the Municipal Land Use Law, N.J.S.A. 40:55D-1 to -163).

On November 1, the court entered summary judgment in McGovern's favor on the remaining prerogative writ claims and vacated the Zoning Board's resolution granting a conditional use variance to Achristavest.

On May 5, 2025, McGovern moved for post-judgment relief under Rules 4:49-1 and 4:50-1 to amend the January 10, 2024 judgment to grant him attorney's fees based on the new evidence of the Township's sale of the property for $1,000,000 on February 10, 2025. McGovern, citing Henderson v. Camden Cnty. Mun. Util. Auth., 176 N.J. 554, 565 (2003), reiterated his prior assertion that he was entitled to attorney's fees under Rule 4:42-9(a)(2)'s "fund in court" exception, adding that the Township's second sale resulted in a "$600,000

benefit to the taxpayers as a class," who did not contribute to his lawsuit that vacated the $350,000 first sale. He maintained his motion was timely under Rule 4:50-2 because it was filed within the one-year time limit since the court's final summary judgment order was granted on November 1, 2024, and under Rule 4:50-1(f), which has no time limit.

On June 11, 2025, the trial court entered an order denying McGovern's motion for post-judgment relief. The court determined the motion was untimely under Rule 4:50-1(b)'s one-year time limit and failed to present exceptional circumstances requiring relief under Rule 4:50-1(f). Citing Parker v. Marcus, the court noted that it considers the following factors for exceptional circumstances to vacate an order under Rule 4:50-1(f), beyond one year after an order is entered: "(1) the extent of the delay in making the application; (2) the underlying reason or cause; (3) the fault or blamelessness of the litigant; and (4) the prejudice that would accrue to the other party." 281 N.J. Super. 589, 593 (App. Div. 1995).

The court found that "no truly exceptional circumstances" existed to reconsider its January 10, 2024 order after the property was sold on March 17, 2025, about fourteen months after the court voided the sale to Achristavest on November 1, 2024. The court reasoned that McGovern's motion reiterated the

same arguments that were rejected in the January 10 and 12, 2024 orders and that granting him attorney's fees would prejudice defendants since it previously denied his request with prejudice and defendants "had a right to rely on the finality of [the] court's January [10 and 12, 2024] orders since [he] did not file any appeal after" the orders were entered.

Despite ruling that McGovern's motion was untimely, the court rejected the merits of McGovern's contentions. The court reasoned that "nothing in th[e] record" supported his argument that his lawsuit benefited the Township and its taxpayers. The court found that McGovern's motivation for suing defendants was "entirely personal" because he didn't want a hotel parking lot across the street from his property and was not pursuing a class action lawsuit or acting on behalf of anyone else. Lastly, the court reasoned the Township's sale of the property "was considered and fully anticipated" by the court and any public benefit was "speculative" as "real estate markets go up and down." This appeal followed.

## II.

The principles that guide our review are well-settled. Appellate courts have limited review of a trial court's bench trial findings and deciding a request for attorney's fees. Reviewing courts "should 'not disturb the factual findings

A-3681-24

and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484, (1974)). "[F]ee determinations by trial courts [should] be disturbed only on the rarest occasions, and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995). A trial court's resolution of post-judgment motions is reviewed under an abuse of discretion standard. In re Adoption of a Child of Indian Heritage, 111 N.J. 155, 184 (1988) (applying an abuse of discretion standard to motions seeking to vacate a judgment).

However, appellate review affords no deference to the trial court's "interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted). In such circumstances, reviewing courts apply a de novo standard of review. 30 River Court E. Urban Renewal Co. v. Capograsso, 383 N.J. Super. 470, 476 (App. Div. 2006) (citing Rova Farms, 65 N.J. at 483-84; Manalapan Realty, 140 N.J. at 378).

A-3681-24

In accordance with <u>Rule</u> 4:50-1, a trial court may relieve a party from a final judgment or order based on

> (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under <u>R.</u> 4:49 . . . or (f) any other reason justifying relief from the operation of the judgment or order.

A <u>Rule</u> 4:50-1(b) motion "shall be made within a reasonable time . . . [but] not more than one year after the judgment, order or proceeding was entered or taken." <u>R.</u> 4:50-2. However, a <u>Rule</u> 4:50-1(f) motion is not subject to the one-year time limitation and may be considered thereafter based on the exceptional circumstances noted above. <u>See</u> <u>Parker</u>, 281 N.J. Super. at 589.

### III.

McGovern argues the trial court erred in holding that his <u>Rule</u> 4:50-1(b) motion to amend the January 10, 2024 judgment order was untimely per <u>Rule</u> 4:49-2. He asserts the order was interlocutory, and a party may seek to vacate an interlocutory order any time before final judgment or within one year of final judgment. He maintains he did so by moving to amend the interlocutory order on May 5, 2025, which is within a year of the final judgment entered on November 1, 2024, as required by <u>Rule</u> 4:50-1(b). We agree.

The trial court's January 10, 2024 order dismissing McGovern's attorney's fees request was interlocutory, as the court issued its final order on November 1, 2024, granting McGovern summary judgment as to count one and two of his complaint, and vacating the Zoning Board's conditional use variance for the property. Thus, McGovern's motion on May 5, 2025, was timely because he filed it within one year of the November 1, 2024 order.

IV.

Regarding the motion's merit, McGovern argues he is entitled to attorney's fees as a matter of law under Rule 4:42-9(a)(2)'s "fund in court" exception. He claims his lawsuit "produced a tangible economic benefit to the [Township of Lower's] citizens," resulting in $600,000 in increased revenue from the Township's sale, and allowing the public to obtain "the true, fair market value of the property."

McGovern challenges the court's reasoning that he is ineligible for attorney's fees because he initiated this litigation for personal reasons. He argues personal gain only refers to matters where the litigation did not benefit other parties and emphasizes that his personal reasons for suing defendants do not preclude a recovery for attorney's fees even where the lawsuit benefits others. According to McGovern, the court wrongly considered his "subjective

9

intent" to benefit himself rather than "whether the litigation objectively benefited a group of others." However, we disagree that the trial court erred in denying his request for attorney's fees. We conclude there is no meritorious basis to grant him attorney's fees based on his post-judgment motion under either subsections (b) or (f) of Rule 4:50-1, as the trial court's factual findings are supported by credible evidence in the record, and it did not abuse its discretion.

## A.

In a Rule 4:50-1(b) motion, the movant "must demonstrate 'that the evidence would probably have changed the result, that [the new evidence] was unobtainable by the exercise of due diligence for use at the trial, and that the evidence was not merely cumulative.'" DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 264 (2009) (quoting Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 445 (1980)). McGovern's motion failed to set forth newly discovered evidence that would justify setting aside the January 10 and 12, 2024 orders denying him attorney's fees. As the court correctly pointed out, there was no new evidence presented, as the court already considered the Township's 2016 sale of the property in its January 10 and 12, 2024 orders. It was foreseeable that the property would be sold again, and the Township did so in 2025. The court properly reasoned that the fact McGovern's lawsuit voided the $350,000

10

property sale in 2016, and generated an additional $600,000 from the property's $1,000,000 sale in 2025, was irrelevant to determining an attorney's fees award because any public benefits derived from his lawsuit would be "completely speculative and ancillary."

B.

In contrast to the specificity of Rule 4:50-1(b), subsection (f) "is the 'elusive catchall category'" for relief under Rule 4:50-1. Pressler & Verniero, Current N.J. Court Rules, cmt. 5.6.1 on R. 4:50-1 at 1552 (2026) (citing Court Inv. Co. v. Perillo, 48 N.J. 334, 431 (1966)). "Whether exceptional circumstances exist is determined on a case by case basis according to the specific facts presented." In re Guardianship of J.N.H., 172 N.J. 440, 474 (2002).

> No categorization can be made of the situations which would warrant redress under subsection (f) . . . . [T]he very essence of [subsection] (f) is its capacity for relief in exceptional situations. And in such exceptional cases its boundaries are as expansive as the need to achieve equity and justice.
>
> [DEG, LLC, 198 N.J. at 269-70 (omission and first alteration in original) (quoting Perillo, 48 N.J. at 341).]

McGovern's motion failed to set forth exceptional circumstances that would justify vacating the January 10 and 12, 2024 orders denying attorney's

11

fees. In voiding the Township's 2016 property sale in the January 10, 2024 order, the court rejected McGovern's attorney's fees demand, finding that, as a matter of law, his claim was not warranted under Rule 4:42-9(a)(2)'s "fund in court" exception. Based on our de novo review, the court made the correct ruling.

Rule 4:42-9(a)(2) permits attorney's fees to be awarded:

> Out of a fund in court. The court in its discretion may make an allowance out of such a fund, but no allowance shall be made as to issues triable of right by a jury. A fiduciary may make payments on account of fees for legal services rendered out of a fund entrusted to the fiduciary for administration, subject to approval and allowance or to disallowance by the court upon settlement of the account.

"Fund in court" is an equitable term of art. Henderson, 176 N.J. at 564.

> The fund in court exception generally applies when a party litigates a matter that produces a tangible economic benefit for a class of persons that did not contribute to the cost of the litigation . . . . It does not apply when a party litigates a private dispute for its own personal gain.

[Ibid. (citations omitted).]

The exception is rooted in the principle that "it would be unfair to saddle the full cost [of the litigation] upon the litigant for the reason that the litigant is doing more than merely advancing [their] own interests." Sunset Beach

Amusement Corp. v. Belk, 33 N.J. 162, 168 (1960). A "'pot of money'" or actual fund in the possession of the court is not required. Trimarco v. Trimarco, 396 N.J. Super. 207, 215 (App. Div. 2007) (internal citation omitted); see Henderson, 176 N.J. at 564; see also Sarner v. Sarner, 38 N.J. 463, 468 (1962).

In Porreca v. City of Millville, we granted attorney's fees to a plaintiff who sued the City of Millville for failing to review and inspect collection fees from developers as required by the municipal code. 419 N.J. Super. 212, 218-19 (App. Div. 2011). We reasoned that "through plaintiff's watchdog activities," plaintiff's litigation produced a "'tangible economic benefit'" in the form of increased revenue for the city and its taxpayers. Id. at 229 (quoting Sarner, 38 N.J. at 469). Similarly, in Henderson, we granted attorney's fees to a plaintiff who filed a class action lawsuit alleging that the Camden County Municipal Utilities Authority (CCMUA) was illegally charging compound interest, rather than simple interest, because the lawsuit benefited a class of customers who no longer had to pay compound interest. 176 N.J. at 565.

Based upon this caselaw, the trial court properly found McGovern was not entitled to attorney's fees under Rule 4:42-9(a)(2)'s fund in court exception. We discern no basis to depart from the court's factual finding that McGovern's lawsuit was strictly personal—he did not want a hotel parking lot across from

his home and he testified that had he known about defendants' mutual release agreement which would have allowed him to bid on the property, and he would have done so as he had the financial means to successfully bid on the property. Moreover, although not required, McGovern suing as a private citizen, rather than as a class action or on behalf of taxpayers, also implies that his lawsuit was for "personal gain." Henderson, 176 N.J. at 564.

Finally, as the trial court noted, the causal link between McGovern's lawsuit and the Township's additional revenue of $600,000 from the property sale is speculative and attenuated—the price increase is attributable to the "real estate market[]" rather than McGovern's action. The direct result of his lawsuit was that the Township's sale of property to Achristavest was voided; as the Township aptly argued, McGovern's lawsuit merely restored the Township to its "pre-sale position[]" where it had the "full discretion" to sell or retain the property. Just as the value of the property increased, it could also have decreased in value due to real estate market fluctuations or deterioration of the property. Furthermore, unlike Henderson or Porreca, where the plaintiffs' litigation produced a tangible economic impact on the public—requiring Millville to properly collect inspection fees, requiring Sun Bank to return fees to the Millville, and requiring the CCMUA to charge reduced interest rates to

14

customers—McGovern fails to articulate how his lawsuit directly caused the Township to receive revenue a year after the court's January 10, 2024 order granting him judgment. 176 N.J. at 565; 419 N.J. Super. at 218-19.

In sum, McGovern fails to satisfy subsection (f)'s exceptional circumstances. He reiterates the fund in court arguments the trial court rejected in its January 10 and 12, 2024 orders denying him attorney's fees, and granting relief would prejudice defendants because they had a right to rely on those orders.

To the extent we have not addressed any of McGovern's arguments, it is because they lack sufficient merit to be discussed in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-3681-24